UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> H&R TRANSPORT, et al., <br><br> Defendants. | Case No. 1:24-cv-00710-KES-EPG <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> Docs. 11, 24 |

Plaintiff BMO Bank N.A. ("Plaintiff") filed this action on June 18, 2024. Doc. 1. On September 18, 2024, plaintiff moved for default judgment against defendants H&R Transport ("H&R") and Harmandeep Singh Gill ("Gill") on state law breach of contract claims. Doc. 11. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2025, the assigned magistrate judge issued findings and recommendations, recommending that the motion for default judgment be granted in part. Doc. 24. Specifically, the findings and recommendations found that plaintiff had satisfied the requirements for entering default judgment as to its breach of contract claim under the factors laid out in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *Id.* at 4–11. The magistrate judge also found that the amount sought for damages, attorneys' fees, and costs of litigation was reasonable. *Id.* at 11–16. The

1

findings and recommendations contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id.* at 17. Defendants did not file any objections, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for default judgment, Doc. 11, is GRANTED, as specified below:

    a. Judgment shall be entered in favor of plaintiff BMO Bank N.A. against defendants H&R Transport and Harmandeep Singh Gill.

    b. Plaintiff is awarded $480,865.04 in monetary damages.[1]

    c. Plaintiff is awarded prejudgment interest accrued through the date of judgment at the contracted daily rates of: (1) $38.22 for Agreement 8001 for every day after August 22, 2024; (2) $38.56 for Agreement 2001 for every day after August 22, 2024; (3) $48.76 for Agreement 1001 for every day after August 22, 2024; and (4) $92.66 for Agreement 7001 for every day after August 22, 2024.[2]

    d. Plaintiff is awarded $3,347.50 in attorneys' fees and $557.14 in costs.

///
///
///
///

---

[1] The magistrate judge's recommendations misstated the monetary damages due by including the attorneys' fees and costs as part of the monetary damages award while also including the same attorneys' fees and costs as a separate award. Doc. 24 at 16. The present Order includes the attorneys' fees and costs as a separate award and deducts the duplicate amount of such attorneys' fees and costs from the monetary damages award. As reflected in this Order, the correct amount of monetary damages owed is $480,865.04.

[2] The magistrate judge's recommendations misstated the amount of prejudgment interest awarded under Agreement 7001 as $96.22 for every day after August 22, 2024. Doc. 24 at 16. As reflected in this Order, the correct amount of prejudgment interested awarded under Agreement 7001 is $92.66 for every day after August 22, 2024.

2. Upon recovery and sale of the identified vehicles in a commercially reasonable manner, the money judgment entered shall be credited with the net sale proceeds of the vehicles.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  May 21, 2025

_____
UNITED STATES DISTRICT JUDGE